UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICHARD HENRY JOHNSON, JR.,

Petitioner,

v.

TROY BOWSER, Superintendent of Two Rivers Correctional Institution,

Respondent.

Case No. 2:19-cv-00544-MC

OPINION AND ORDER

MCSHANE, District Judge:

Petitioner brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and challenges his convictions for robbery, assault, and felon in possession of a firearm. Respondent argues that the Petition is untimely and must be dismissed. Petitioner maintains that the statute of limitations should be tolled due to his diligence in seeking post-conviction relief and his actual innocence. Petitioner is not entitled to equitable tolling, and the Petition is DENIED.

BACKGROUND

After two jury trials, petitioner was convicted of seven counts of Robbery in the First Degree with a Firearm, eleven counts of Robbery in the Second Degree with a Firearm, three counts of Assault in the Second Degree with a Firearm, and one count of Felon in Possession of

a Firearm. Resp't Ex. 101. Petitioner appealed his convictions. The Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. Resp't Exs. 106-07. On March 23, 2010, the appellate judgment issued. Resp't Ex. 108. Petitioner sought review with the Supreme Court of the United States, and on November 15, 2010, the Supreme Court denied certiorari.

On September 2, 2011, petitioner signed a state court petition for post conviction relief (PCR). Resp't Ex. 117. The PCR court denied relief, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. Resp't Exs. 133, 137-38. On February 10, 2015, the appellate judgment issued. Resp't Ex. 138.

Petitioner subsequently filed three successive PCR petitions. The first successive PCR petition was dismissed as an improper successive petition. Resp't Ex. 142-43. The second successive PCR petition was dismissed for lack of jurisdiction. Resp't Ex. 146. The third successive PCR petition was dismissed as untimely. Resp't Ex. 154. Petitioner unsuccessfully appealed, and on July 30, 2018, the appellate judgment issued. Resp't Exs. 159-60.

On April 8, 2019, petitioner signed his federal Petition.

DISCUSSION

Generally, a petitioner must file a federal habeas petition within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l)(A).

In this case, the one-year statute of limitations began to run, at the latest, when the Supreme Court denied certiorari on November 15, 2010. Petitioner signed his initial PCR petition 291 days later, on September 2, 2011, and the limitations period was tolled while his PCR petition was pending. *Id.* § 2244(d)(2). The appellate judgment issued on February 10, 2015, and the statute of limitations again began to run.

Although petitioner sought further PCR relief in state court, the limitations period is tolled only for PCR petitions that are "properly filed," and none of petitioner's successive PCR petitions were properly filed within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (for tolling to apply "the petition cannot be untimely or an improper successive petition"). Thus, the statute of limitations ran from February 10, 2015 to April 8, 2019, and petitioner's federal Petition is well beyond the one-year statute of limitations.[1]

Petitioner nonetheless argues that equitable tolling should excuse his untimeliness, because he was diligently pursuing his rights in state court. Equitable tolling is available "only if extraordinary circumstances beyond" petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Equitable tolling is "unavailable in most cases," because the "threshold" for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Petitioner fails to show that "extraordinary circumstances" prevented him from filing a timely federal petition. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding

[1] Even if I found that the statute of limitations was tolled during the pendency of petitioner's successive PCR petitions, his federal Petition remains untimely. The appellate judgment for petitioner's third successive PCR petition was issued on July 30, 2018. Resp't Ex. 160. Petitioner did not sign his federal Petition until April 8, 2019, after 252 days had elapsed. As noted above, 291 days elapsed between issuance of final judgment on petitioner's direct appeal and the filing of his first PCR petition. Thus, a total of 543 days elapsed before petitioner filed his federal Petition, and it remains untimely.

that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Further, petitioner does not explain why he waited 291 days to file his initial PCR petition or why he waited an additional 252 days to sign his federal Petition after his successive PCR proceedings had concluded. Thus, he does not establish diligence and equitable tolling does not excuse the untimeliness of his Petition.

Finally, petitioner argues that the statute of limitations should be tolled due to his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that a claim of actual innocence may overcome the one-year statute of limitations). To successfully invoke the actual innocence exception, "a petitioner must demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014) (internal quotation marks and citations omitted). "This new evidence must be reliable, and the reviewing court 'may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 332 (1995)). Along with the new evidence, the court must consider all evidence of record to make "a probalistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner contends that he is actually innocent of several unspecified offenses because his codefendant was acquitted, in a separate trial, of theft of a firearm – apparently the same firearm petitioner was accused of possessing. Petitioner argues that, because his codefendant was acquitted of stealing the firearm, "no reasonable juror would have found petitioner guilty of ever having been in possession of the same .357 revolver on December 15, 2005, implied to govern subcategory count(s) 1-14, 17-22, and 25-27." Pet'r Br. in Support at 9 (ECF No. 29).

Petitioner's argument fails to establish factual innocence. Petitioner does not show that this evidence is "new" or that his codefendant's acquittal on theft charges would have resulted in a different outcome at trial. Several witnesses testified that petitioner possessed a firearm when committing several armed robberies, and petitioner himself admitted to possessing a firearm. Transcript of Proceedings at 627-28, 1707, 1714-16, 1721-22.

Accordingly, the actual innocence exception does not excuse the untimeliness of his Petition.

CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED, and petitioner's Motions for Stay, to Void Judgment, for Evidentiary Hearing, and for Declaratory Judgment (ECF Nos. 28, 38, 40, 42, 43) are DENIED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 23rd day of July, 2020.

s/ Michael J. McShane
Michael J. McShane
United States District Judge